IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――――

No. 02-20399 c/w
No. 02-20421
Summary Calendar

―――――――――――――――

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

JAIME CRUZ-GARCIA,

                                        Defendant-Appellant.

―――――――――――――――

Appeals from the United States District Court
For the Southern District of Texas
H-02-CR-97

―――――――――――――――

February 13, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jaime Cruz-Garcia, an alien, appeals the revocation of his
supervised release following conviction for possession with intent
to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and
his conviction and sentence for being found unlawfully present in

―――――――――――――

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

the United States following removal, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Cruz-Garcia argues that the district court reversibly erred when it denied his collateral challenge to his 1998 removal order, which forms the basis for his 8 U.S.C. § 1326 conviction, which in turn forms the basis for his supervised release for his earlier marijuana conviction. Cruz-Garcia's collateral challenge is premised upon the Supreme Court's holding in *INS v. St. Cyr*.[1] He argues that the procedure employed in connection with his removal was fundamentally unfair because he was not advised that he was eligible to apply for discretionary relief from deportation pursuant to 8 U.S.C. § 1182(c), Immigration and Nationality Act § 212(c).

To succeed in his collateral challenge, Cruz-Garcia must establish, *inter alia*, that his removal proceeding was fundamentally unfair.[2] In *Lopez-Ortiz*, we recently examined a factually similar collateral challenge to a removal order in light of *St. Cyr* and held that, "[b]ecause eligibility for INA § 212(c) relief is not a liberty or property interest warranting due process protection, . . . the Immigration Judge's error in failing to explain Lopez-Ortiz's eligibility [for INA § 212(c) relief] does

---

[1] 533 U.S. 289 (2001).

[2] *See United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002), *cert. denied*, - S. Ct. - , 2003 WL 99693 (Jan. 13, 2003) (No. 02-7628).

2

not rise to the level of fundamental unfairness."[3]  Our holding in *Lopez-Ortiz* precludes a finding that Cruz-Garcia's removal proceedings were fundamentally unfair, since all of Cruz-Garcia's arguments supporting his collateral attack are premised on the availability of INA § 212(c) discretionary relief.[4]  We need not address the other components of Cruz-Garcia's collateral challenge to his deportation order.[5]

Cruz argues for the first time on appeal that 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional because a prior felony conviction is an element of the offense of illegal re-entry, and not merely a sentence enhancement, and should have been charged in the indictment and proven beyond a reasonable doubt.  His argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*.[6]

Accordingly, the district court's judgment is AFFIRMED.

---

[3] *Id.* at 231.

[4] *See id.* at 228-31.

[5] *See id.* at 230-31.

[6] 523 U.S. 224, 239-47 (1998); *see also United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (we must follow *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it").

3