United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51330
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LUIS ENRIQUE GOMEZ-LIRA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CR-85-ALL-H
--------------------

Before DAVIS, EMILIO M. GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

    Luis Enrique Gomez-Lira appeals his conviction for illegal

reentry following deportation.  He argues that the district court

erred in denying his motion to dismiss the indictment, in which

he collaterally challenged his removal proceedings.  He

additionally contends that his indictment was fatally defective.

    An alien seeking to collaterally challenge an order of

removal in an 8 U.S.C. § 1326 prosecution must establish (1) that

the removal proceeding was "'fundamentally unfair'"; (2) that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

proceeding "effectively eliminated" his right to challenge the proceeding by means of judicial review; and (3) that "procedural deficiencies" actually prejudiced him. United States v. Mendoza-Mata, 322 F.3d 829, 832 (5th Cir. 2003) (citation omitted); see also 8 U.S.C. § 1326(d). If the alien fails to establish one prong of the test, the others need not be considered. Mendoza-Mata, 322 F.3d at 832.

We reject Gomez's contention that his ability to obtain judicial review was effectively eliminated by his failure to be released on bond and by an involuntary waiver of his appellate rights. An alien's detention during removal proceedings is constitutionally permissible. See Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003). Moreover, the district court's finding that Gomez knowingly waived his appellate rights was not clearly erroneous. See United States v. Encarnacion-Galvez, 964 F.2d 402, 409 (5th Cir. 1992).

Gomez's contention that his order of removal was exclusively based on the immigration judge's erroneous determination that he was an aggravated felon is unsupported by the record, which indicates that both the notice to appear and the order of removal additionally cited to the fact that he had been convicted of a crime of child abuse as grounds for his removal. Gomez has not challenged that additional finding, and, therefore, he can show no prejudice.

The immigration judge's determination that Gomez was statutorily ineligible for cancellation of removal and, therefore, § 212(c) discretionary relief did not rise to the level of a due process violation such that his removal proceeding was rendered fundamentally unfair. See United States v. Lopez, 313 F.3d 225, 228 (5th Cir. 2002), cert. denied, 123 S. Ct. 922 (2003). Finally, Gomez's contention that the indictment was fatally defective is inadequately briefed and is therefore waived. See United States v. Green, 964 F.2d 365, 371 (5th Cir. 1992).

AFFIRMED.