IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40271
_____

UNITED STATES OF AMERICA

                              Plaintiff - Appellee

        v.

RAUL RENDON-RODRIGUEZ

                              Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
No. L-01-CR-754-ALL
_____

January 9, 2003

Before KING, Chief Judge, and DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Defendant-appellant Raul Rendon-Rodriguez appeals his

conviction and sentence on one count of being found unlawfully

present in the United States after deportation subsequent to

conviction for an aggravated felony, in violation of

8 U.S.C. § 1326(a) and (b)(2).  Rendon-Rodriguez argues that the

district court abused its discretion in denying his motion to

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withdraw his guilty plea because that court incorrectly concluded that his challenge (under United States v. Mendoza-Lopez, 481 U.S. 828 (1987), and 8 U.S.C. § 1326(d)) of his prior removal order was without merit.  Since the district court's decision, this court has held in United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002), that an immigration judge's failure to inform an alien at his removal hearing of his eligibility for § 212(c) relief does not rise to the level of fundamental unfairness under the third prong of 8 U.S.C. § 1326(d).  Rendon-Rodriguez's counsel correctly conceded at oral argument (while preserving his right to seek further relief from the Supreme Court) that Lopez-Ortiz forecloses relief for Rendon-Rodriguez here.

Rendon-Rodriguez also argues that the district court abused its discretion in declining to depart downward for cultural assimilation.  Rendon-Rodriguez points to language in the district court's comments at hearings held relating to Rendon-Rodriguez's sentence that he reads as categorically rejecting cultural assimilation as a ground for departure.  While it may be fair to read the district court's comments as reflecting concerns with the entire concept of cultural assimilation as a ground for departure, the district court clearly understood that it could depart downward on that basis and it did the job it was required to do in evaluating whether Rendon-Rodriguez's situation was sufficiently atypical to be outside the heartland of cases.  The

court concluded that it was not, and we lack jurisdiction to review whether a downward departure was warranted by the facts of the case.

Finally, Rendon-Rodriguez claims that 8 U.S.C. § 1326(b)(2) is unconstitutional because the fact of an aggravated felony must be alleged and proved to the factfinder beyond a reasonable doubt.  Rendon-Rodriguez recognizes that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226-27 (1998), is binding on that point, and he raises the issue to preserve it for further review. That case is indeed binding, and we reject his argument.

The conviction and sentence of Rendon-Rodriguez are AFFIRMED.