United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50788
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEOPOLDO REYNA-ROMO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-245-ALL
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

Leopoldo Reyna-Romo appeals his conviction and sentence for being found in the United States after removal in violation of 8 U.S.C. § 1326. Reyna-Romo concedes that the two issues he raises on appeal are foreclosed by this court's precedent. He raises the arguments to preserve them for Supreme Court review.

Reyna-Romo first argues that the removal order underlying his 8 U.S.C. § 1326 conviction was obtained in violation of his due process rights. According to Reyna-Romo, his removal proceeding was fundamentally unfair because immigration officials

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly applied retroactively certain statutory changes to the immigration laws to prohibit him from applying for discretionary relief from removal pursuant to Immigration and Nationality Act § 212(c). He contends that the district court erred by denying his motion to dismiss the indictment on that basis.

In United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002), cert. denied, 123 S. Ct. 922 (2003), this court held that an immigration judge's failure to inform an alien at his removal hearing of his eligibility for § 212(c) relief does not rise to the level of fundamental unfairness necessary to successfully challenge a removal order under the third prong of 8 U.S.C. § 1326(d). Reyna-Romo's argument that his removal order cannot be used to support his conviction under 8 U.S.C. § 1326 is indeed foreclosed.

Reyna-Romo next argues that his sentence is invalid because it exceeds the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a). He contends that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b) was improper because the sentencing provision is unconstitutional. Alternatively, Reyna-Romo contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He argues that the prior conviction that resulted in his increased sentence was an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of

separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. <u>Id.</u> at 239-47. Contrary to Reyna-Romo's suggestion, that decision was not overruled by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Id.</u> (internal quotation marks and citation omitted). Reyna-Romo's second argument is also foreclosed.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

MOTION GRANTED; AFFIRMED.