United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40876
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL MANZO-LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-21-1
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gabriel Manzo-Lopez appeals his conviction of illegal
reentry following deportation.  He argues that his previous
deportation proceeding was fundamentally unfair due to the
retroactive application of statutory changes to the immigration
laws barring him from seeking a waiver of deportation.  He
acknowledges that his argument is foreclosed by circuit precedent
but he wishes to preserve the issue for further review.

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Manzo-Lopez's deportation proceeding was not rendered fundamentally unfair because he was not able to argue for a waiver of deportation.  See United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002), cert. denied, 123 S. Ct. 922 (2003).

Manzo-Lopez argues for the first time on appeal that 8 U.S.C. § 1326(b)(1) and (2) is unconstitutional because a prior felony conviction is an element of the offense of illegal re-entry, and not merely a sentence enhancement, and should have been charged in the indictment and proven beyond a reasonable doubt.  He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issue for further review.

Apprendi v. New Jersey, 530 U.S. 466 (2000) did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  Accordingly, the judgment of the district court is AFFIRMED.