United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50314
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARDINO SOTELO-MENDOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(EP-02-CR-1268-ALL-DB)
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bernardino Sotelo-Mendoza ("Sotelo") appeals his conviction and sentence for being found in the United States after removal, in violation of 8 U.S.C. § 1326. Sotelo asserts that the removal order underlying his 8 U.S.C. § 1326 conviction was obtained in violation of his due process rights. He argues that the immigration judge and the Bureau of Immigration Appeals erred in applying retroactively particular statutory changes to the immigration laws, thereby prohibiting him from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applying for discretionary relief from removal pursuant to Immigration and Nationality Act § 212(c). Sotelo contends that the district court should not have denied his motion to dismiss the indictment on that basis.

An alien seeking to challenge a prior deportation order in a prosecution for illegal reentry under 8 U.S.C. § 1326 must establish that (1) the prior hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice. See United States v. Mendoza-Mata, 322 F.3d 829, 832 (5th Cir. 2003); see also United States v. Mendoza-Lopez, 481 U.S. 828, 839 (1987). If the alien fails to establish any prong of the test, we need not consider the others. United States v. Encarnacion-Galvez, 964 F.2d 402, 406 (5th Cir. 1992).

Sotelo has failed to show that his removal proceedings were fundamentally unfair. See United States v. Lopez-Ortiz, 313 F.3d 225, 230-31 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003). Sotelo, who has two prior convictions for annoying or molesting a child and another conviction for possession of heroin for sale, has also failed to show actual prejudice by dmonstrating a reasonable likelihood that he would have been granted discretionary relief. See Mendoza-Mata, 322 F.3d at 833-34.

Sotelo argues further that because his indictment did not allege the fact of his prior aggravated felony conviction as a

2

separate element of the offense, the indictment charged him only with an offense under 8 U.S.C. § 1326(a) rather than 8 U.S.C. § 1326(b). As such, he insists, his maximum punishment must be limited to two years. Sotelo nevertheless acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but wishes to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, Sotelo's argument is foreclosed. For the forgoing reasons, Sotelo's conviction and sentence are

AFFIRMED.