United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41285
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MEZA-GONZALES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-680-ALL
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Meza-Gonzales appeals his guilty plea conviction for

illegal re-entry after deportation.  He argues that: (1) the

district court erred in denying his motion to suppress evidence

of his prior deportation and dismiss the indictment because the

immigration judge who conducted the deportation hearing violated

his due process rights by not informing him of his eligibility

for discretionary relief from deportation; and (2) 8 U.S.C.

§ 1326(b) is unconstitutional on its face and as applied in this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

case in light of the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Meza concedes that both of his arguments are foreclosed by precedent from this circuit and the Supreme Court, respectively.  Nevertheless, he raises the issues to preserve them for possible Supreme Court review.

Meza's argument regarding the validity of his prior deportation hearing is foreclosed by this court's decision in <u>United States v. Lopez-Ortiz</u>, 313 F.3d 225 (5th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1135 (2003).  Accordingly, he is not entitled to relief.

Meza's argument regarding the constitutionality of 8 U.S.C. § 1326 is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  The Supreme Court's decision in <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  This court must therefore follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation and citation omitted).  Accordingly, the district court's judgment is AFFIRMED.