United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20319
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOEL GARCIA-SALDIVAR,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-637-ALL
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

    Joel Garcia-Saldivar appeals his conviction of being found
in the United States after having been previously removed
following an aggravated-felony conviction.  He argues (1) that
his prior removal was invalid, and the district court's denial of
his motion to dismiss the indictment was error and (2) that 8
U.S.C. § 1326(b)'s sentencing provisions are unconstitutional in
light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  He

————————————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

acknowledges that his arguments are foreclosed, and he seeks to preserve them for further review.

Garcia-Saldivar's argument that the failure to inform him of his eligibility to apply for relief under 8 U.S.C. § 1182(c) (INA § 212(c)) rendered the prior removal proceedings fundamentally unfair is without merit. United States v. Lopez-Ortiz, 313 F.3d 225 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003). Also without merit is his argument that 8 U.S.C. § 1326(b)(2) is unconstitutional in light of Apprendi. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.