Stephen A. Higginson, Assistant US Attorney, Stephen M. Huber, US Attorney's Office, Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellant.

Herman Turlich, Jr., pro se, Franklinton, LA, Defendant–Appellee.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Counsel for Herman Turlich, Jr., has moved for leave to withdraw from this appeal and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Turlich has filed a response to the motion, contending that the district court erred in determining his sentence.

Our independent review of the brief, the record, and Turlich's response discloses no nonfrivolous issue for appeal. Turlich waived the right to appeal his sentence, allowing only for appeals from sentences above the statutory limit or outside the determined guideline range. The sentencing issue he asserts is waived as Turlich's sentence fell within the guideline range determined by the district court. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir.1992).

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan MEZA–GONZALES, Defendant–Appellant.**

No. 02–41285.

Conference Calendar

United States Court of Appeals, Fifth Circuit.

Oct. 22, 2003.

Mitchel Neurock, US Attorneys Office, Southern District of Texas, Laredo, TX, James Lee Turner, Assistant US Attorney, US Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

---

Roland E. Dahlin, II, Federal Public Defender, Tito H. Alfaro, Raquel Kathy Wilson, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Juan Meza–Gonzales appeals his guilty plea conviction for illegal re-entry after deportation. He argues that: (1) the district court erred in denying his motion to suppress evidence of his prior deportation and dismiss the indictment because the immigration judge who conducted the deportation hearing violated his due process rights by not informing him of his eligibility for discretionary relief from deportation; and (2) 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in this case in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Meza concedes that both of his arguments are foreclosed by precedent from this circuit and the Supreme Court, respectively. Nevertheless, he raises the issues to preserve them for possible Supreme Court review.

Meza's argument regarding the validity of his prior deportation hearing is foreclosed by this court's decision in *United States v. Lopez–Ortiz*, 313 F.3d 225 (5th Cir. 2002), *cert. denied*, 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003). Accordingly, he is not entitled to relief.

Meza's argument regarding the constitutionality of 8 U.S.C. § 1326 is foreclosed by the Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S.

224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). The Supreme Court's decision in *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90; *see also United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must therefore follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation and citation omitted). Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.