United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20481
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMASA AGUILERA-DE FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-151-1
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tomasa Aguilera-De Flores appeals her conviction for illegal reentry into the country after having been removed following an aggravated felony conviction. She argues (1) that the district court should have suppressed the evidence of her prior removal because that removal was fundamentally unfair and (2) that 8 U.S.C. § 1326(b)'s sentencing provisions are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). She

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledges that her arguments are foreclosed, and she seeks to preserve them for further review.

Aguilera-De Flores's argument that her inability to seek discretionary relief under INA § 212(c) in her prior removal proceedings rendered those proceedings fundamentally unfair and that evidence of her prior removal should have been suppressed is without merit.  United States v. Lopez-Ortiz, 313 F.3d 225 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003).  Her argument that 8 U.S.C. § 1326(b)(2) is unconstitutional in light of Apprendi is also without merit.  See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.