United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20707
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL GARCIA-LOPEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-134-1
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raul Garcia-Lopez appeals the amended judgment resentencing

him for illegal re-entry of a deported alien, in violation of 8

U.S.C. § 1326(a) and (b)(1).

The sole issue that Garcia-Lopez raises is that the

deportation order underlying his 8 U.S.C. § 1326 conviction was

obtained in violation of his due process rights and that the

district court erred by denying his motion to dismiss the

indictment on that basis.  According to Garcia-Lopez, his removal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

proceeding was fundamentally unfair because the immigration judge did not inform him of his eligibility to apply for discretionary relief from deportation. In United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003), this court held that an immigration judge's failure to inform an alien of his eligibility for discretionary relief from deportation does not rise to the level of fundamental unfairness necessary to successfully challenge a deportation order. As we held in a prior order issued in this case, Garcia-Lopez's argument that his deportation order cannot be used to support his conviction under 8 U.S.C. § 1326 is foreclosed by our holding in Lopez-Ortiz.

The judgment of the district court is therefore AFFIRMED.