United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30986
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDGAR FABRICIO MELGAR-ARRAZOLA,
also known as Mario Melara,
also known as Edgar F. Melar,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-248-ALL
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Edgar Fabricio Melgar-Arrazola ("Melgar") appeals from his
guilty-plea conviction of illegally reentering the United States
after having been deported and after having been convicted of an
"aggravated felony," a violation of 8 U.S.C. § 1326.  Melgar
contends that the district court erred by denying his motion to
suppress evidence of his deportation and to dismiss the
indictment.  He argues that his 1999 deportation proceeding
violated the Due Process Clause because the immigration judge

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously failed to inform him that he was eligible for discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act ("INA").  Melgar concedes that his contention is foreclosed by this court's case law, but he raises the claim to preserve it for further review.

An immigration judge's error in failing to inform an alien of eligibility for forms of discretionary relief under the INA does not violate the alien's right to due process.  United States v. Lopez-Ortiz, 313 F.3d 225, 230-31 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003).  The district court did not err by denying Melgar's motion to suppress evidence of his deportation and to dismiss his indictment.

AFFIRMED.