**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 31, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50661
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO SANCHEZ-PARRA,

Defendant-Appellant.

Consolidated with
No. 04-50008

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ESPARZA-VELA,

Defendant-Appellant.
--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1750-ALL-EP
USDC No. EP-03-CR-1058-1-PRM
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

In this consolidated appeal, Ernesto Sanchez-Parra and

Javier Esparza-Vela (hereinafter, "Appellants") appeal the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's denial of their motions to dismiss the indictments against them which charged them with violating 8 U.S.C. § 1326(a). The appellants argue that their indictments were invalid because the underlying deportation orders, which were based on having been convicted of the felony driving while intoxicated, are invalid under United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001).

The denial of a motion to dismiss an indictment is reviewed de novo. United States v. Wilson, 249 F.3d 366, 371 (5th Cir. 2001). To challenge the validity of an underlying deportation order, an alien must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice. United States v. Lopez-Vasquez, 227 F.3d 476, 483 (5th Cir. 2000); 8 U.S.C. § 1326(d).

The appellants fail to show that their deportation hearings were fundamentally unfair inasmuch as the hearings did not violate their procedural due process rights. See United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003). The court need not reach the appellants' remaining arguments. See Lopez-Ortiz, 313 F.3d at 231; Lopez-Vasquez, 227 F.3d at 485. AFFIRMED.