United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50081
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELINO RAMON NEGRETE-MENDOZA,

Defendant-Appellant.

--------------------------
Appeal From the United States District Court
for the Western District of Texas
(03-CR-54)
--------------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

Marcelino Ramon Negrete-Mendoza ("Negrete") appeals his conviction and 71-month sentence for illegal reentry following deportation subsequent to an aggravated felony conviction. The district court determined that Negrete had failed to establish that his removal proceeding was fundamentally unfair and therefore denied Negrete's collateral challenge to his removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An alien seeking to collaterally challenge an order of removal in an 8 U.S.C. § 1326 prosecution must establish (1) that the removal proceeding was "'fundamentally unfair'"; (2) that the proceeding "effectively eliminated" his right to challenge the proceeding by means of judicial review; and (3) that "procedural deficiencies" actually prejudiced him. United States v. Mendoza-Mata, 322 F.3d 829, 832 (5th Cir. 2003) (citation omitted); see also 8 U.S.C. § 1326(d). If the alien fails to establish one prong of the test, the others need not be considered. See Mendoza-Mata, 322 F.3d at 832.

Negrete argues that his removal proceeding was fundamentally unfair because he was denied the opportunity to apply for relief under § 212(c) of the Immigration and Nationality Act and because the removal order had an impermissible retroactive effect. He also contends that he satisfies the remainder of the requirements to collaterally challenge his removal.

The record reveals that Negrete was represented by counsel at his removal hearing before an immigration judge and that counsel was of the opinion that Negrete was not eligible for relief under § 212(c). The record also reveals that Negrete argued that he was eligible for relief under § 212(c) before the Board of Immigration Appeals. Negrete has failed to show that his removal proceedings were fundamentally unfair. See United States v. Lopez-Ortiz, 313 F.3d 225, 230-31 (5th Cir. 2002).

Negrete also argues that because his indictment did not allege the fact of his prior aggravated felony conviction as a separate element of the offense, the indictment charged him only with an offense under 8 U.S.C. § 1326(a) rather than 8 U.S.C. § 1326(b). He contends that his sentence should be limited to the maximum authorized under 8 U.S.C. § 1326(a). Negrete acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but wishes to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Thus, we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). Accordingly, Negrete's argument is foreclosed.

For the foregoing reasons, Negrete's conviction and sentence are AFFIRMED.