United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40272
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRISTOBAL SANCHEZ-PENA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-22-1
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cristobal Sanchez-Pena ("Sanchez") pleaded guilty to illegally re-entering the United States after having been deported, a violation of 8 U.S.C. § 1326(a), and his sentence was enhanced pursuant to the "aggravated felony" provision in 8 U.S.C. § 1326(b). The district court sentenced him to 33 months in prison and to three years of supervised release.

Sanchez contends that the district court erred by denying his motion to suppress evidence of his deportation. He argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his 1998 deportation proceeding violated the Due Process Clause because the immigration judge erroneously informed him that he was ineligible for discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act ("INA"). Sanchez concedes that his contention is foreclosed by this court's case law, but he raises the claim to preserve it for further review.

An immigration judge's error in informing an alien of eligibility for forms of discretionary relief under the INA does not violate the alien's right to due process. United States v. Lopez-Ortiz, 313 F.3d 225, 230-31 (5th Cir. 2002). The district court did not err by denying Sanchez's motion to suppress evidence of his deportation.

For the first time on appeal, Sanchez argues that 8 U.S.C. § 1326(b) is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Sanchez concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and Almendarez-Torres was not overruled by Apprendi. See United States v. Sarmiento-Funes, 374 F.3d 336, 346 (5th Cir. 2004).

Sanchez also argues that the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applied to sentences determined under the United States Sentencing

Guidelines.  He concedes that this argument is foreclosed by this court's recent opinion in <u>United States v. Pineiro</u>, 377 F.3d 464, 465 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263), but he raises it to preserve it for possible further review.

AFFIRMED.