United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-50381
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**JOSE MANUEL TREVINO-ZARAGOZA, also known as Jose Z. Trevino,
also known as Hector Trevino,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(SA-03-CR-478-ALL)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Trevino-Zaragoza appeals his 8 U.S.C. § 1326 conviction and sentence for illegal reentry following deportation subsequent to an aggravated felony conviction. The district court determined Trevino failed to establish his underlying deportation proceeding was fundamentally unfair and therefore denied Trevino's collateral challenge.

A due process challenge to deportation proceedings providing the basis for a 8 U.S.C. § 1326 conviction is reviewed *de novo*.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*E.g.* **United States v. Hernandez-Avalos**, 251 F.3d 505, 507 (5th Cir.), *cert. denied*, 534 U.S. 935 (2001). An alien seeking to collaterally challenge an order of deportation in an 8 U.S.C. § 1326 prosecution must establish: (1) the proceeding was "fundamentally unfair"; (2) the proceeding "effectively eliminated" his right to challenge the proceeding by means of judicial review; and (3) "procedural deficiencies" actually prejudiced him. **United States v. Mendoza-Mata**, 322 F.3d 829, 832 (5th Cir. 2003) (citation omitted); *see also* 8 U.S.C. § 1326(d).

Trevino contends: he was denied the opportunity to present his claims for discretionary relief in the deportation proceedings; and the deportation order had an impermissible retroactive effect on his decision to plead guilty to the crime for which he was deported. Trevino requested types of discretionary relief for which he was not eligible; he did not request, and the court did not suggest, access to any other relief. While Trevino may have been eligible to seek other forms of discretionary relief, a court's failure to inform an alien of types of discretionary relief for which he is eligible does not violate due process. *See* **United States v. Lopez-Ortiz**, 313 F.3d 225, 230-31 (5th Cir. 2002), *cert. denied*, 537 U.S. 1135 (2003). Nor did the Immigration Judge's failure to consider Trevino's eligibility for discretionary relief unfairly affect Trevino's prior understanding of the consequences of his guilty plea.

2

Trevino also raises two foreclosed issues to preserve them for Supreme Court review. First, he contends 8 U.S.C. § 1326(b) is unconstitutional. He acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he relies upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 531 U.S. 1202 (2001). Second, relying on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), Trevino contends the federal Sentencing Guidelines are unconstitutional. As Trevino acknowledges, this argument is foreclosed by this court's decision in *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), *petition for cert. filed* (U.S. 14 July 2004)(No. 04-5263).

**AFFIRMED**