United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 04-51150
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GARZA MENDEZ, also known as Jose Garza,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-327-ALL
--------------------

Before JOLLY, JONES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following his conditional guilty plea, Jose Garza Mendez was convicted of one charge of illegal reentry into the United States and sentenced to serve 27 months in prison. Garza Mendez appeals the district court's denial of his motion to dismiss the indictment. Garza Mendez further argues that his sentence was improper under Apprendi v. New Jersey, 530 U.S. 466, 488 (2000).

Garza Mendez argues that his indictment was invalid because the underlying deportation order, which was based on his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for driving while intoxicated, is invalid under <u>United States v. Chapa-Garza</u>, 243 F.3d 921, 927 (5th Cir. 2001). The denial of a motion to dismiss an indictment is reviewed de novo. <u>United States v. Wilson</u>, 249 F.3d 366, 371 (5th Cir. 2001). To prevail on a challenge to the validity of an underlying deportation order, an alien must establish that: (1) the prior deportation hearing was fundamentally unfair, (2) the hearing effectively eliminated his right to seek judicial review of the removal order, and (3) the procedural deficiencies caused actual prejudice. <u>United States v. Lopez-Vasquez</u>, 227 F.3d 476, 483 (5th Cir. 2000); 8 U.S.C. § 1326(d).

Garza Mendez has not shown that his deportation hearing violated his due process rights. See <u>United States v. Lopez-Ortiz</u>, 313 F.3d 225, 230 (5th Cir. 2002). He concomitantly has not shown that this hearing was fundamentally unfair. See <u>id.</u> Consequently, Garza Mendez has not shown that the district court erred in denying his motion to dismiss the indictment, and we need not consider his remaining arguments in relation to this claim.

Garza Mendez also argues that his sentence is invalid under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). This claim is, as Garza Mendez concedes, foreclosed. See <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998); <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

Garza Mendez has shown no error in the district court's denial of his motion to dismiss the indictment or in the judgment of conviction. Consequently, the judgment of the district court is AFFIRMED.