# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 11, 2011

No. 10-50047
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MIGUEL GONZALEZ–LOPEZ, also known as Pedro L. Gonzalez, also known as Pedro Gonzalez, also known as Pedro M. Gonzalez, also known as Pete Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-472-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pedro Miguel Gonzalez-Lopez (Gonzalez) appeals his conditional guilty plea conviction for illegal reentry following removal, in violation of 8 U.S.C. § 1326. Gonzalez contends that he was deprived of due process during the prior removal hearing and that the district court erred when it denied his motion to dismiss the indictment on this basis.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50047

Section 1326 prohibits an alien who was previously removed from reentering the United States without the Attorney General's permission. § 1326(a). An alien who is prosecuted under § 1326 may collaterally attack the prior removal order as an element of the criminal offense. *United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987). To do so, the alien must establish (1) that the removal hearing was fundamentally unfair, (2) that the hearing effectively eliminated his right to challenge the hearing by means of judicial review of the removal order, (3) that he was prejudiced by the procedural deficiencies at the hearing, and (4) that he exhausted any administrative remedies that were available to challenge the order. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); § 1326(d).

Gonzalez contends that the immigration judge failed to explain the right to appeal the removal order, the appeal waiver, and the consequences of waiving the right to appeal, rendering the removal hearing fundamentally unfair. Gonzalez's arguments are without merit. Thus, we need not reach his arguments on the other elements of the collateral attack. *See Lopez-Ortiz*, 313 F.3d at 231. The judgment of the district court is AFFIRMED.