# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50794
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN CASTELAN-JAIMES, also known as Ruben Jaimes Castelan, also known as Ruben Castelon-Jaimes, also known as Ruben Cruz, also known as Ruben Castellan,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-111-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ruben Castelan-Jaimes appeals the district court's denial of his motion to dismiss the indictment. He contends that the Board of Immigration Appeals (BIA) did not have the statutory authority to order his removal in the first instance because the Immigration Judge (IJ) had found that he was not removable. He asserts that the removal order violated his due process rights

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and may not be used to prove the prior deportation element of the illegal reentry offense.

This court reviews the denial of a motion to dismiss an indictment and the underlying constitutional claims de novo. *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). An alien prosecuted for illegal reentry under 8 U.S.C. § 1326 may collaterally attack the underlying deportation order. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987). He must establish that (1) the prior deportation proceeding was fundamentally unfair; (2) the hearing effectively eliminated his right to challenge the hearing by means of judicial review; (3) the procedural deficiencies actually prejudiced him. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); *see* § 1326(d) (requires the alien to demonstrate that (1) the alien exhausted administrative remedies; (2) the deportation proceeding deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair). If the alien fails to establish one prong of the three-part test in *Lopez-Ortiz*, the others need not be considered. *United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

Although Castelan-Jaimes is correct that the BIA does not have the authority to order the removal of an alien in the first instance, *see James v. Gonzales*, 464 F.3d 505, 513-14 (5th Cir. 2006), the instant case is procedurally distinguishable from *James*. *James* involved a timely petition for review of a BIA order. The district court determined that the BIA's removal order in the instant case was voidable but not void because Castelan-Jaimes did not file a petition for review in this court and this court did not set aside the BIA's removal order as in *James*.

Further, Castelan-Jaimes has not made the requisite showing to attack the removal order collaterally. First, he has not shown that his due process

rights were violated as he received notice of the original charge against him; a hearing before an executive or administrative tribunal; and a fair opportunity to be heard. *See Lopez-Ortiz*, 313 F.3d at 230. The BIA issued notice of its March 14, 2003, decision on reconsideration to Castelan-Jaimes's immigration lawyer as required by the BIA's regulations when an alien is represented by a lawyer. *See United States v. Villanueva-Diaz*, 634 F.3d 844, 851-52 (5th Cir. 2011). Therefore, Castelan-Jaimes received the process that was due to him from the Government. *See id.* at 851-52. Under those circumstances, Castelan-Jaimes's deportation proceeding was fundamentally fair even though he did not personally receive notice of the BIA's decision on reconsideration. *See id.* at 851-52.

Even assuming arguendo that his attorney's failure to notify him of the BIA's decision on reconsideration could support a claim of lack of fundamental fairness, Castelan-Jaimes cannot establish prejudice. "A showing of prejudice means that there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported [or removed]." *Mendoza-Mata*, 322 F.3d at 832 (internal quotation marks and citation omitted). Castelan-Jaimes has not shown that there was a reasonable likelihood that but for the alleged errors he would not have been removed or that he would have been entitled to any specific relief from removal. Castelan-Jaimes's only defense was that the INS did not show that he used a firearm in his conviction for brandishing a weapon, which made it a removable offense under 8 U.S.C. § 1227(a)(2)(C). On reconsideration, the BIA found that the criminal information stated that the weapon used in the offense was a firearm. Castelan-Jaimes does not argue that he did not use a firearm or that he had specific evidence to establish that the weapon was not a firearm. He has also failed to present legal authority or evidence to establish that he would have

been entitled to specific relief from removal, such as adjustment of status through his legal permanent resident wife, withholding of removal, protection under the Convention Against Torture, and voluntary departure. Speculation that Castelan-Jaimes would not have been removed does not suffice to establish prejudice. *See Villanueva-Diaz*, 634 F.3d at 852. Further, the decision concerning whether to grant voluntary departure is discretionary, and deportation errors involving discretionary relief do not violate due process. *See* 8 U.S.C. § 1229c(b); *Lopez-Ortiz*, 313 F.3d at 231.

Because Castelan-Jaimes failed to satisfy the requirements for challenging the BIA's removal order collaterally, the July 28, 2003 removal order may permissibly serve as a basis for his conviction under § 1326. *See United States v. Lopez-Vasquez*, 227 F.3d 476, 485 (5th Cir. 2000). Therefore, the district court did not err in denying Castelan-Jaimes's motion to dismiss the indictment. *See id.* at 485-86.

AFFIRMED.