United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-50941
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR MARQUEZ-URQUIDI,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-79-ALL
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cesar Marquez-Urquidi (Marquez) appeals the district court's

denial of his motion to dismiss the indictment against him which

charged him with violating 8 U.S.C. § 1326(a).  Marquez argues

that his indictment was invalid because the underlying

deportation order, which was based on his having been convicted

of felony driving while intoxicated, is invalid under United

States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To challenge the validity of an underlying deportation order, an alien must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice. United States v. Lopez-Vasquez, 227 F.3d 476, 483 (5th Cir. 2000); 8 U.S.C. § 1326(d).

Marquez fails to show that his deportation hearing was fundamentally unfair inasmuch as the hearing did not violate his procedural due process rights. See United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003). The court need not reach Marquez's remaining arguments. See Lopez-Ortiz, 313 F.3d at 231; Lopez-Vasquez, 227 F.3d at 485.

AFFIRMED.