**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin MACIAS–CRUZ, Defendant–
Appellant.**

No. 03–20305.

Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 2003.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mitchel Neurock, US Attorney's Office, Laredo, TX, James Lee Turner, Assistant US Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM.*

Martin Macias–Cruz (Macias) appeals from his illegal re-entry conviction under 8 U.S.C. § 1326(b). He argues that his 1998 deportation proceeding, at which he was ordered deported based on a 1994 Texas assault conviction, was fundamentally unfair and deprived him of the right of administrative and judicial review. He also argues that he was actually prejudiced by the 1998 deportation proceeding because the immigration judge ordered him deported based on the mistaken belief that Macias' 1994 assault conviction was an "aggravated felony." Macias submits that his 1994 assault conviction was not an "aggravated felony" which justified deportation under 8 U.S.C. § 1227(a)(2)(A)(iii) because his original sentence of one-year's probation was reduced to 90 days' imprisonment prior to the 1998 deportation proceeding.

Because Macias did not raise this issue in the district court, our review is for plain error. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). However, because a related issue was raised in the district court and the error is of constitutional dimension, we review Macias's argument with increased scrutiny. *See United States v. Rogers,* 126 F.3d 655, 657–58 (5th Cir.1997).

This court has developed a three-part test for challenge of a prior removal to be used in a prosecution under 8 U.S.C. § 1326. *See United States v. Lopez–Ortiz,* 313 F.3d 225, 229 (2002), *cert. denied,* 537 U.S. 1135, 123 S.Ct. 922, 154 L.Ed.2d 827 (2003). The test "required an alien to establish that (1) the prior hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the proce-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dural deficiencies caused the alien actual prejudice." *Id.* If the alien fails to establish one prong of his challenge, the others need not be considered. *See United States v. Lopez–Vasquez,* 227 F.3d 476, 485 (5th Cir.2000).

Although the issue is not raised by the parties, our review of the record reveals that Macias' 1994 assault conviction, if not an aggravated felony, was a crime of domestic violence which rendered him deportable. *See* 8 U.S.C. § 1227(a)(2)(E)(i). Accordingly, Macias is unable to establish actual prejudice from any misunderstanding on the part of the immigration judge as to whether his conviction was for an aggravated felony. *See United States v. Encarnacion–Galvez,* 964 F.2d 402, 407 (5th Cir. 1992) (stating that, to meet the "prejudice" requirement, the alien must show a reasonable probability that, but for the error at the deportation hearing, he would not have been deported).

Macias has failed to show plain error. Accordingly, the judgment of the district court is AFFIRMED.