United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20305
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN MACIAS-CRUZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-898-ALL

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

Martin Macias-Cruz (Macias) appeals from his illegal reentry conviction pursuant to 8 U.S.C. § 1326(b). A prior panel of this court considered Macias's appeal and issued an opinion affirming the judgment of the district court. United States v. Macias-Cruz, No. 03-20305, 2003 WL 22880723 at **1 (5th Cir. Dec. 5, 2003)(unpublished). That opinion was vacated on January 7, 2004, when the prior panel granted rehearing. United States v.

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Macias-Cruz</u>, No. 03-20305, 2004 WL 48915 (5th Cir. Jan. 7, 2004) (unpublished), vacating 2003 WL 2280723.

Macias-Cruz challenges his conviction for illegal reentry in violation of 8 U.S.C. § 1326, arguing that the underlying 1998 deportation order was fundamentally unfair and deprived him of administrative and judicial review. He argues that he was actually prejudiced by the 1998 deportation proceeding because the immigration judge ordered him deported based on the mistaken belief that his 1994 assault conviction was an "aggravated felony."

Because Macias-Cruz did not raise this issue in the district court, our review is for plain error. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 733 (1993). In order to collaterally challenge a prior deportation order in a criminal proceeding under 8 U.S.C. § 1326, the alien must "establish that (1) the prior hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice." <u>See</u> <u>United States v. Lopez-Ortiz</u>, 313 F.3d 225, 229 (2002), <u>cert. denied</u>, 537 U.S. 1135 (2003); <u>see</u> <u>also</u> 8 U.S.C. § 1326(d)(setting forth requirements for challenge to validity of a deportation order in a criminal proceeding, including, <u>inter</u> <u>alia</u>, the requirement that the "alien exhausted any administrative remedies that may have been available to seek relief against the order").

Macias-Cruz has not made the requisite showing for challenging the validity of his prior deportation order. <u>See</u> <u>Lopez-Ortiz</u>, 313 F.3d at 229; 8 U.S.C. § 1326(d). Thus, he has not demonstrated plain error with respect to his challenge to his criminal conviction pursuant to 8 U.S.C. § 1326 on the ground that his 1998 deportation order violated due process. Accordingly, the judgment of the district court is **AFFIRMED**.