**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cristobal SANCHEZ–PENA,**
**Defendant–Appellant.**

**No. 04–40272.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Richard Bruce Gould, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Cristobal Sanchez–Pena ("Sanchez") pleaded guilty to illegally re-entering the United States after having been deported, a violation of 8 U.S.C. § 1326(a), and his sentence was enhanced pursuant to the "aggravated felony" provision in 8 U.S.C. § 1326(b). The district court sentenced him to 33 months in prison and to three years of supervised release.

Sanchez contends that the district court erred by denying his motion to suppress evidence of his deportation. He argues that his 1998 deportation proceeding violated the Due Process Clause because the immigration judge erroneously informed him that he was ineligible for discretionary relief from deportation under former § 212(c) of the Immigration and Nationality Act ("INA"). Sanchez concedes that his contention is foreclosed by this court's case law, but he raises the claim to preserve it for further review.

An immigration judge's error in informing an alien of eligibility for forms of discretionary relief under the INA does not violate the alien's right to due process. *United States v. Lopez–Ortiz,* 313 F.3d 225, 230–31 (5th Cir.2002). The district court did not err by denying Sanchez's motion to suppress evidence of his deportation.

For the first time on appeal, Sanchez argues that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Sanchez concedes, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Almendarez–Torres* was not overruled by *Apprendi. See United States v. Sarmiento–Funes,* 374 F.3d 336, 346 (5th Cir.2004).

Sanchez also argues that the Supreme Court's holding in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be applied to sentences determined under the United States Sentencing Guidelines. He concedes that this argument is foreclosed by this court's recent opinion in *United States v. Pineiro,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

377 F.3d 464, 465 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), but he raises it to preserve it for possible further review.

AFFIRMED.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.