**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Humberto LOPEZ–CRUZ,**
**Defendant–Appellant.**

No. 04–40558.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Jeffrey L. Wilde, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Humberto Lopez–Cruz ("Lopez") pleaded guilty to illegally re-entering the United States after having been deported and after having been convicted of an "aggravated felony," a violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 66 months in prison and to three years of supervised release.

For the first time on appeal, Lopez argues that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Lopez concedes, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Almendarez–Torres* was not overruled by *Apprendi. See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez also argues that the Supreme Court's holding in *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should be applied to sentences determined under the United States Sentencing Guidelines. He concedes that this argument is foreclosed by this court's recent opinion in *United States v. Pineiro,* 377 F.3d 464, 465 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263), but he raises it to preserve it for possible further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.