United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40272
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRISTOBAL SANCHEZ-PENA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-22-1
----------------------

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On December 17, 2004, in an unpublished opinion, this court affirmed the sentence of Cristobal Sanchez-Pena ("Sanchez"). United States v. Sanchez-Pena, 115 Fed. Appx. 710 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Sanchez-Pena v. United States, 125 S. Ct. 1953 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez contends that the district court illegally sentenced him pursuant to a mandatory Sentencing Guidelines regime, in violation of Booker.  He concedes that such argument is raised for the first time and is reviewable for plain error only.  See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).  Sentencing a defendant pursuant to a mandatory guidelines scheme, standing alone, constitutes "Fanfan" error, and such an error is "plain."  See Booker, 125 S. Ct. at 750, 768-69 (addressing preserved challenge in companion case); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005).

To satisfy the third prong of the plain-error test, Sanchez must show that his "substantial rights" were affected.  See Valenzuela-Quevedo, 407 F.3d at 732.  "The pertinent question is whether [the appellant] demonstrated that the sentencing judge --sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result."  Mares, 402 F.3d at 521.  This question requires us to assess whether "there is [an] indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether [ ]he would have reached a different conclusion" if sentencing under an advisory scheme.  Id. at 522.  That the district court sentenced Sanchez at the bottom of his 33-to-41-month guideline imprisonment range, standing alone, is no indication that the district court would have reached a different

result under an advisory guidelines regime.  <u>United States v. Bringier</u>, 405 F.3d 310, 317-18 n.4 (5th Cir. 2005).  To the extent that Sanchez contends that application of the mandatory Guidelines regime is a "structural" error that is not susceptible to a plain-error analysis, or that he alternatively contends that plain-error prejudice should be presumed, this court recently rejected such arguments.  <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 611 (5th Cir. 2005).

AFFIRMED.