United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50426
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO MADRID-MANRIQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-1587-ALL-PRM
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eduardo Madrid-Manriquez ("Madrid") appeals from his bench-trial conviction of illegal-reentry, a violation of 8 U.S.C. § 1326. Madrid challenges the district court's denial of his motion to dismiss his indictment on the ground that the January 2000 deportation forming the basis for the indictment in the instant case violated his due process rights because the deportation order was based on a 1997 conviction of driving while intoxicated ("DWI"). He emphasizes that in <u>United States v.</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001), this court held that a felony DWI conviction could not be used as a basis for a sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A), because it was not a "crime of violence" and thus did not qualify as an "aggravated felony."  See also Leocal v. Ashcroft, 125 S. Ct. 377, 379 (2004).

The denial of a motion to dismiss an indictment is reviewed de novo.  United States v. Wilson, 249 F.3d 366, 371 (5th Cir. 2001).  To challenge the validity of an underlying deportation order, an alien must establish that:  (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice.  United States v. Lopez-Vasquez, 227 F.3d 476, 483 (5th Cir. 2000); 8 U.S.C. § 1326(d).  Madrid has failed to show that his deportation proceeding was fundamentally unfair inasmuch as it did not violate his procedural due process rights.  See United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003).  The court need not reach the appellants' remaining arguments.  See id. at 231; Lopez-Vasquez, 227 F.3d at 485.

The judgment of the district court is AFFIRMED.