

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2005

# USA v. Outram

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Outram" (2005). *2005 Decisions.* Paper 1128.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2325

———

UNITED STATES OF AMERICA

v.

RODERICK RANDALL OUTRAM
a/k/a Sean M. Brewster

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cr-00115)
District Judge: The Honorable Yvette Kane

———

Submitted Under Third Circuit LAR 34.1(a)
Date: May 13, 2005

Before: SLOVITER, FISHER and ALDISERT, Circuit Judges

(Filed: May 26, 2005)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Appellant Roderick Randall Outram appeals his conviction and sentence pursuant

to 8 U.S.C. § 1326 for unlawful reentry of a previously deported alien after a conviction in a New York state court for possession of a controlled substance. In 1991, Outram was placed in deportation proceedings following the New York conviction of what was deemed an aggravated felony. He was deported and illegally re-entered the United States in 1995. In 2002, he was convicted and sentenced in a Pennsylvania state court for a narcotics possession charge. In 2004, he pled guilty in the District Court to a violation of 8 U.S.C. § 1326 and was sentenced to 57 months imprisonment to run consecutively with his state sentence.

We must decide whether the District Court: (1) committed plain error in accepting Outram's guilty plea; (2) exceeded the permissible bounds of discretion in imposing a consecutive sentence; and (3) erred in imposing a 57 month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm the conviction and imposition of the consecutive sentence. Inasmuch as the District Court used the Sentencing Guidelines to determine the length of Outram's sentence, we will vacate the sentence and remand for re-sentencing in accordance with United States v. Booker, 543 U.S.—, 125 S.Ct. 738 (2005).

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

Outram contends that the District Court erred in accepting his guilty plea. Because Outram made no attempt to withdraw his guilty plea in the District Court, we review for plain error. United States v. Knobloch, 131 F.3d 366, 370 (3d Cir. 1997). To establish plain error, there must be: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that affects the fairness, integrity or public reputation of the proceedings. Id. (quoting Johnson v. United States, 520 U.S. 461, 462 (1997)).

Outram fails to meet the high standard for establishing plain error. He contends that he did not fully understand the nature of the charges and the severity of the potential outcome and that his representation was inadequate. Our review of the record reveals that this was not the case. At the reception of the plea, the District Court read the indictment to Outram and he responded that he understood the substance of the indictment. The Court advised Outram of the rights he was giving up by pleading guilty, including the right to a jury trial. Upon ascertaining that Outram understood the nature of the charge and all the rights he was waiving by not going to trial, the Court asked the prosecutor to state the essential terms of the plea agreement. Outram was asked also if he signed the agreement willingly and he replied in the affirmative. Accordingly, there was no plain error.

## III.

Outram contends also that the imposition of a consecutive sentence violated his Eighth Amendment guarantee against cruel and unusual punishment and his right to due process of the law pursuant to the Fourteenth Amendment. We review the determination

to impose a consecutive sentence for an abuse of discretion. <u>United States v. Saintville</u>, 218 F.3d 246, 248 (3d Cir. 2000).

We are persuaded that the District Court did not exceed the permissible bounds of discretion in imposing a consecutive sentence. This is not a piling on case. Outram was not serving a federal sentence. He was incarcerated for violating the laws of a separate sovereign, the Commonwealth of Pennsylvania. The present sentence is the result of a guilty plea to an unlawful entry to the United States of a previously deported alien after conviction for possession of a controlled substance.

IV.

Outram challenges the length of the sentence. Having concluded that the sentencing issues raised here are best determined by the District Court in the first instance, we will vacate the sentence and remand for re-sentencing in accordance with <u>United States v. Booker</u>, 543 U.S.—, 125 S.Ct. 738 (2005).

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgment of the District Court relating to Outram's conviction will be affirmed. We conclude that the imposition of a consecutive sentence was not an abuse of discretion. Inasmuch as the length of the sentence involved an interpretation of the Sentencing Guidelines, we will vacate the sentence and remand for re-sentencing in accordance with <u>Booker</u>.