

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2006

# USA v. Outram

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Outram" (2006). *2006 Decisions.* Paper 443.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/443

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3790

UNITED STATES OF AMERICA

vs.

RODERICK RANDALL OUTRAM, A/K/A Sean M. Brewster
Roderick Randall Outram,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 03-CR-00115-1 )
District Judge:   Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 14, 2006
Before:   SLOVITER, WEIS, and GARTH, Circuit Judges.
Filed September 19, 2006

_____

OPINION

_____

WEIS, Circuit Judge.

Defendant pleaded guilty to an unlawful re-entry into this country in

violation of 8 U.S.C. § 1326(a) and (b)(2).  He was sentenced to fifty-seven months

incarceration under the Guidelines, consecutive to a state sentence he was then serving.

1

Defendant appealed and this Court affirmed the conviction and the District Court's decision to impose a consecutive sentence. We remanded, however, for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Outram, 132 F. App'x 412 (3d Cir. 2005).

On remand, the District Court held a sentencing hearing and, after arguments by counsel, reinstated the original sentence. Having reviewed the record in this case, we find no error and do not find the sentence unreasonable.

Outram also attempts now to collaterally attack his 1993 removal order, which was issued *in absentia*, arguing that it was fundamentally unfair. Initially, we note that Outram failed to raise this claim in his original appeal of his sentence and is foreclosed from doing so now. See United States v. Pultrone, 241 F.3d 306, 307-08 (3d Cir. 2001).

The challenge also fails on the merits. To prevail on a collateral attack on a deportation order under 8 U.S.C. § 1326(d), (1) an alien must exhaust any administrative remedies that may have been available; (2) the deportation proceedings must have deprived the alien of the opportunity for judicial review; and (3) entry of the order must have been fundamentally unfair. "[A]ll three [requirements] must be met before an alien will be permitted to mount a collateral challenge to the underlying removal order." United States v. Torres, 383 F.3d 92, 99 (3d Cir. 2004).

2

Outram has not demonstrated that the entry of the order was fundamentally unfair. "'[F]undamental fairness is a question of procedure.'" Id. at 103 (quoting United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002). With respect to removal proceedings, "'due process requires that an alien who faces [removal] be provided (1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard.'" Id. at 104 (quoting Lopez-Ortiz, 313 F.3d at 230).

In the present case, Outram received notice of the removal proceedings and an opportunity to be heard before an Immigration Judge. He failed, however, to appear at this hearing. This is not a denial of due process. Further, we note that Outram does not appear to contest the facts underlying the removal order.

Accordingly, we will affirm the Judgment of the District Court.