United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60755
Summary Calendar

_____

J. GUADALUPE OLMOS-TELLO,

                                              Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                              Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A70  411  358
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    J. Guadalupe Olmos-Tello, a native and citizen of Mexico, ap-
peals an order of the Board of Immigration Appeals ("BIA") af-
firming the decision of the Immigration Judge ("IJ") denying his
applications for adjustment of removal, waiver of removal under
8 U.S.C. § 1182(h), adjustment of status under 8 U.S.C. § 1255(i),

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

cancellation of removal, and voluntary departure. Olmos-Tello argues that his status should have been adjusted under 8 U.S.C. § 1255(i) even though he was unlawfully present in the United States because that statutory section was passed after the Illegal Immigration Reform and Immigrant Responsibility Act, which contains the "unlawful presence" provisions. He also contends that because he tried to legalize his presence in the United States by filing for a visa, he should not be precluded from the 8 U.S.C. § 1255(i) adjustment.

The BIA did not act arbitrarily in determining that because Olmos-Tello was inadmissible under 8 U.S.C. § 1182(a)(9)(C), he was ineligible for adjustment of status under 8 U.S.C. § 1255(i). See Mortera-Cruz v. Gonzales, 409 F.3d 246, 256 (5th Cir.), cert. denied, 126 S. Ct. 733 (2005). Consequently, the BIA's decision regarding adjustment of Olmos-Tello's status is entitled to deference. See id.

Olmos-Tello also asserts that he has presented a *prima facie* case for waiver of removal under 8 U.S.C. § 1182(h)(1)(B). His application under 8 U.S.C. § 1182(h)(1)(B) is immaterial, however, to the BIA's decision to deny an adjustment of status by operation of 8 U.S.C. § 1182(a)(9)(C)(i)(I), because that was the basis on which he was found removable.

Olmos-Tello argues that his due process rights were violated when the IJ failed to consider whether he was qualified for a waiver or whether his application should be considered retroac-

tively.  Eligibility for such discretionary relief is not an interest warranting constitutional due process protection.  <u>See</u> 8 U.S.C. § 1255(i)(2); <u>United States v. Lopez-Ortiz</u>, 313 F.3d 225, 231 (5th Cir. 2002).

Finally, Olmos-Tello argues that this case should be remanded to the BIA for a full opinion so that he may address the grounds of the BIA's decision and so that this court may evaluate the basis of the BIA's decision.  But, the BIA's summary affirmance procedures "do not deprive this court of a basis for judicial review and . . . do not violate due process."  <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 832-33 (5th Cir. 2003).  Accordingly, Olmos-Tello's argument presents no basis for relief.

The petition for review is DENIED.