United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51081
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDEL CASTANON-ALVAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-914-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Fidel Castanon-Alvarez (Castanon) appeals his conditional guilty plea conviction and 37-month sentence for illegal reentry following deportation. Castanon argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Castanon's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Castanon contends that Almendarez-Torres was incorrectly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Castanon properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Castanon asserts that the district court erred in denying his motion to dismiss the indictment because his prior deportation order was fundamentally unfair.  An alien seeking to collaterally challenge an order of deportation or removal in a § 1326 prosecution must establish (1) that proceeding was "fundamentally unfair"; (2) that the proceeding "effectively eliminated" his right to challenge the proceeding by means of judicial review; and (3) that "procedural deficiencies" actually prejudiced him.  United States v. Mendoza-Mata, 322 F.3d 829, 832 (5th Cir. 2003)(citation omitted); see also § 1326(d).  If the alien fails to establish one prong of the test, the others need not be considered.  See Mendoza-Mata, 322 F.3d at 832.

Castanon argues that he was denied the opportunity to be heard and to present evidence in support of his claims for discretionary relief and that the deportation order had an impermissible retroactive effect.  However, Castanon requested a type of discretionary relief for which he was not eligible.

Moreover, the failure to inform an alien of types of discretionary relief for which he is eligible does not violate due process.  See United States v. Lopez-Ortiz, 313 F.3d 225, 230-31 (5th Cir. 2002).  As Castanon concedes, this court has rejected his assertion about the retroactive effect of the definition of deportable offenses; he seeks to preserve the issue for Supreme Court review.  See Max-George v. Reno, 205 F.3d 194, 200 (5th Cir. 2000), vacated on other grounds, 533 U.S. 945 (2001).

We conclude that Castanon has failed to show that he was denied the opportunity to be heard or that his deportation proceedings were fundamentally unfair.  Consequently, the judgment of the district court is AFFIRMED.