United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SALINAS-CASTILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-779-ALL
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Salinas-Castillo (Salinas) appeals his conviction and sentence for being illegally present in the United States despite an outstanding removal order. Salinas contends that the district court erred by denying his motion to suppress evidence of his deportation or to dismiss the indictment. He argues that his removal proceeding violated the Due Process Clause because he was denied administrative or judicial review of his request for relief under the former 8 U.S.C. § 1182(c). Salinas maintains that under the equities of the case, he would likely have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtained the requested relief if review was available.  Salinas concedes that his contention is foreclosed by this court's case law, but he raises the claim to preserve it for further review.

Because the relief requested by Salinas "is available within the broad discretion of the Attorney General, [it] is not a right protected by due process."  United States v. Lopez-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002).  The district court did not err by denying Salinas's motion to suppress evidence or to dismiss his indictment.  The judgment of the district court is AFFIRMED.

Salinas also requests that this Court remand the case for further factual development related to the validity of his removal order.  Salinas notes that prior to his sentencing, this Court remanded his immigration case to the Board of Immigration Appeals (BIA) for consideration of his request for discretionary relief.  However, the BIA reaffirmed its order of removal and Salinas failed to file a petition for review of that decision within the period allowed by 8 U.S.C. § 1252(b)(1).  Accordingly, there is no need for further factual development on this issue. This motion is DENIED.