IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-20982
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

JOSE GUADALUPE SALINAS-CAMPOS, also known as Jose Salinas

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-161-ALL

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Salinas-Campos (Salinas) appeals his conviction and sentence following a bench trial for illegal reentry after having been deported, a violation of 8 U.S.C. § 1326. Salinas argues that the district court erred when it denied his motion to dismiss the indictment. Salinas contends that his indictment was invalid because the underlying deportation order, which was based on his having been convicted of felony driving while intoxicated, is invalid under United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001). An alien

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

who is prosecuted under § 1326 may, under certain circumstances, challenge the deportation order that is used as an element of the criminal offense. United States v. Mendoza-Lopez, 481 U.S. 828, 838-39 (1987); United States v. Benitez-Villafuerte, 186 F.3d 651, 658 (5th Cir. 1999). To do so, the alien must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; and (3) the procedural deficiencies caused actual prejudice and that he has exhausted his administrative remedies. United States v. Lopez-Ortiz, 313 F.3d 225, 229 (5th Cir. 2002); § 1326(d)(1).

Salinas fails to show that his deportation hearing was fundamentally unfair inasmuch as the hearing did not violate his procedural due process rights. See Lopez-Ortiz, 313 F.3d at 230. The court need not reach Salinas's remaining arguments relative to the prior deportation order. See id. at 231.

Salinas argues that his sentence is unreasonable as a matter of law because this court's use of a presumption of reasonableness for sentences imposed within the properly calculated guidelines range effectively reinstates the mandatory guidelines regime struck down in United States v. Booker, 543 U.S. 220 (2005). This argument is foreclosed. See Rita v. United States, 127 S. Ct. 2456, 2465 (2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Salinas challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug 28, 2007) (No. 07-6202).

The judgment of the district court is AFFIRMED.