# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2010

No. 09-50713
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AURELIO MORALES-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-177-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Aurelio Morales-Cruz (Morales) appeals his conviction and sentence following a bench trial for illegal reentry after having been deported, a violation of 8 U.S.C. § 1326. Morales argues that he was not previously convicted of an aggravated felony, as that term is defined 8 U.S.C. § 1101(a)(43), since he did not serve a term of imprisonment for his sexual assault conviction. Because he was not previously convicted of an aggravated felony, Morales contends that the underlying deportation order was fundamentally unfair and invalid. As such,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morales asserts that the district court erred in denying his motion to dismiss the indictment; convicting him of illegal reentry; and granting the Government's motion to enhance his sentence.

An alien who is prosecuted under § 1326 may, under certain circumstances, challenge the deportation order that is used as an element of the criminal offense. *United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987); *United States v. Benitez-Villafuerte*, 186 F.3d 651, 658 (5th Cir. 1999). To do so, the alien must establish that: (1) the prior deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the alien's right to seek judicial review of the removal order; (3) the procedural deficiencies caused actual prejudice; and, (4) the alien has exhausted his administrative remedies. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); § 1326(d)(1).

Morales fails to show that his deportation hearing was fundamentally unfair inasmuch as the hearing did not violate his procedural due process rights. *See Lopez-Ortiz*, 313 F.3d at 230. As such, he fails to show that the district court erred in denying his motion to dismiss the indictment; convicting him of illegal reentry; and granting the Government's motion to enhance his sentence.

Before the district court, Morales objected to the presentence report's (PSR) determination that he was previously convicted of sexual assault of a child and that the crime constituted a crime of violence warranting a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Morales, who is represented by counsel on appeal, does not sufficiently brief this issue before this court. Thus, the issue is not preserved and need not be considered by this court. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Accordingly, the judgment of the district court is AFFIRMED.