# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2011

No. 09-20828
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HENRY CRUZ BARRAZA, also known as Henry Geo Barraza, also known as Henry Cruz-Barraza, also known as Henry Garcia, also known as Henry Geovavay Barraza, also known as Henry Geovarray Cruz Barraza,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-214-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Henry Cruz Barraza was convicted of illegal reentry after deportation following a felony conviction. *See* 8 U.S.C. § 1326. He now appeals the district court's denial of his motion to dismiss the indictment, which was based on a collateral challenge to the underlying orders of removal. *See* § 1326(d). We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review the denial of a motion to dismiss an indictment novo. *United States v. Farias,* 469 F.3d 393, 397 n.3 (5th Cir. 2006).

To collaterally attack a prior order of removal in a criminal proceeding, the alien must establish (1) that the removal hearing was fundamentally unfair, (2) that the hearing effectively eliminated his right to judicial review of the removal order, (3) that he was prejudiced by the procedural deficiencies, and (4) that he exhausted any administrative remedies. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002). If the alien fails to establish one prong of this test, the others need not be considered. *Id.* at 231.

Cruz Barraza argues that the relevant reinstatements of his original removal order were fundamentally unfair because immigration officials failed to comply with regulations requiring that he receive a "credible fear interview" regarding his claims that he had been persecuted and tortured when he was returned to El Salvador. Cruz Barraza's argument relies on *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 267-68 (1954), which held, in the context of a habeas challenge to a deportation proceeding, that the alien had sufficiently alleged a due process interest in having the INS follow its own regulations to at least warrant a hearing on the issue. However, we have rejected an attempt to apply *Accardi* in the criminal context. *United States v. Calderon-Pena,* 339 F.3d 320, 324-25 (5th Cir. 2003), *panel opinion reinstated in relevant part by en banc court,* 383 F.3d 254, 255 n.1 (5th Cir. 2004) (en banc). We find Cruz Barraza's arguments against the application of *Calderon-Pena* in this case to be unpersuasive. Because he has failed to establish fundamental unfairness, we conclude that the district court did not err in denying the motion to dismiss the indictment.

Cruz Barraza also argues that the written judgment incorrectly stated that he was convicted of violating § 1326(b)(2); he requests a remand to correct the judgment. We will remand to the district court for the limited purpose of correcting the judgment to reflect a conviction and sentence under § 1326(b)(1).

No. 09-20828

AFFIRMED; REMANDED FOR LIMITED PURPOSE OF CORRECTION OF JUDGMENT.