# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2013

No. 12-50155
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO GARRIDO, also known as Francisco Cid-Garrido,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-1083-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Francisco Garrido appeals his conditional guilty-plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326, claiming that his prior deportation cannot be used as a basis for his conviction under § 1326 because the deportation proceeding was fundamentally unfair. He contends that the deportation proceeding violated his due process rights because the immigration judge (IJ) affirmatively misinformed him that he was not eligible for relief from deportation under § 212(c) of the Immigration

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Nationality Act.  Garrido also contends, for the first time on appeal, that his due process rights were violated, claiming that his attorney provided ineffective assistance by failing timely to file an appeal to the Board of Immigration Appeals (BIA) or to file a motion to reopen his case in light of *INS v. St. Cyr*, 533 U.S. 289 (2001).

We review the denial of a motion to dismiss an indictment and the underlying constitutional claims de novo.  *See United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011).  An alien prosecuted for illegal re-entry under § 1326 may collaterally attack the underlying removal order.  *United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987).  To succeed, he would need to establish that (1) the removal hearing was fundamentally unfair, (2) the proceeding improperly deprived him of the opportunity for judicial review, (3) the procedural deficiencies caused him actual prejudice, and (4) he exhausted any administrative remedies that were available to challenge the order.  *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); § 1326(d).  To show actual prejudice, the alien must establish that, but for the errors of which he complains, there is a reasonable likelihood that he would not have been deported. *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003). If the alien fails to establish any one prong of the test, the court need not consider the other prongs.  *Id*.

As noted, Garrido insists, as he did in the district court, that the prior deportation proceeding was rendered fundamentally unfair because the IJ "actively misinformed him" about the availability of discretionary relief from deportation.  He contends that the IJ was wrong when he told Garrido that he was statutorily ineligible for § 212(c) relief.  He acknowledges that, in *Lopez-Ortiz,* this court held that an IJ's failure to inform the defendant that discretionary relief was available to him did not rise to the level of fundamental unfairness, but he insists that his case is distinguishable from *Lopez-Ortiz*, *viz.*, that the difference between *passively* failing to inform a defendant of eligibility

for relief and *actively* misinforming a defendant about the availability of relief is sufficient to establish a due process violation. He declares in the alternative that if we determine that *Lopez-Ortiz* applies to his case, then he raises the issue here to preserve it for further review.

This court's decision in *Lopez-Ortiz* is binding. Any error in stating that Garrido was not eligible for § 212(c) relief did not violate due process or principles of fundamental fairness. Section 212(c) relief is not a property or liberty interest protected by due process. *See Lopez-Ortiz*, 313 F.3d at 231.

Garrido asserts for the first time on appeal that his deportation proceeding was fundamentally unfair because his attorney provided ineffective assistance. As noted, he claims that counsel was ineffective for failing timely to file an appeal to the BIA and for failing timely to file a motion to reopen the proceedings after *St. Cyr*. He argues that he was prejudiced by counsel's actions because he could have made a strong showing in support of his application for § 212(c) relief.

The conditional guilty plea entered by Garrido explicitly provides that he is entitled to appeal the district court's order denying his motion to dismiss the indictment. At the rearraignment hearing, the district court expressed to Garrido that his right to appeal the limited legal issues raised by his attorney was being reserved. Garrido's conditional guilty plea thus reserved his right to appeal, but only on the grounds raised in the motion to dismiss the indictment. *See United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1969 (2012). As Garrido did not raise the ineffective assistance of counsel issue in his motion to dismiss the indictment, his guilty plea waived the right to challenge his prior deportation on this ground. *Id.* The judgment of the district court is AFFIRMED.