# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50598
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIAZAR RINCON-ZUNIGA, also known as Eleazar Rincon Zuniga, also known as Nene, also known as Eliazar Garcia, also known as Eliazar Zuniga, also known as Eliazar Rincon, also known as Eliazar Zuniga-Rincon,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CR-852-1

Before REAVLEY, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Eliazar Rincon-Zuniga appeals the district court's denial of his motion to dismiss his indictment, which charged him with illegal reentry in violation of 8 U.S.C. § 1326. He contends that the 2010 removal order that served as the basis for his current § 1326 conviction violated his due process rights and may

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not be used to prove the prior deportation element of his current illegal reentry offense.

This court reviews the denial of a motion to dismiss an indictment and the underlying constitutional claims de novo. *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). An alien prosecuted for illegal reentry under § 1326 may collaterally attack the underlying deportation order. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987). He must establish that (1) the prior deportation proceeding was fundamentally unfair; (2) the hearing effectively eliminated his right to challenge the hearing by means of judicial review; and (3) the procedural deficiencies actually prejudiced him. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); *see* § 1326(d).

For the first time on appeal, Rincon-Zuniga argues that his 2010 deportation was fundamentally unfair because he was not given "a reasonable opportunity" to contest the charges that he was an aggravated felon. Specifically, he contends that the 2010 "Notice of Intent to Issue a Final Administrative Removal Order," wherein he waived many of his rights, "instructed him that the possible challenges [to his 2010 removal] were limited to factual disputes" and that he could not challenge his legal classification as an aggravated felon. Because Rincon-Zuniga raises this argument for the first time on appeal, our review is for plain error. *See United States v. Cordova-Soto*, 804 F.3d 714, 719, 722 (5th Cir. 2015). To prevail on plain error review, Rincon-Zuniga must identify (1) a forfeited error, (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies the first three requirements, this court may, in its discretion, remedy the error

if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.  *See id.*

Rincon-Zuniga fails to point to any evidence tending to show that he was somehow misled by the 2010 notice when he signed it and waived many of his rights to challenge his removal.  Moreover, his current interpretation of the 2010 notice—that it "instructed him" that his ability to challenge his removal was limited to certain discrete factual issues—is subject to reasonable dispute.  Accordingly, Rincon-Zuniga fails to establish a clear or obvious error, *see Puckett*, 556 U.S. at 135, and therefore fails to show that his 2010 removal proceeding was fundamentally unfair, *see Lopez-Ortiz*, 313 F.3d at 229.  Because he fails to establish the fundamental-unfairness prong of the three-part test set forth in *Lopez-Ortiz*, we do not consider his arguments concerning the other prongs.  *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

AFFIRMED.