# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-50501
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS IBARRA-LEYVA, also known as Carlos Ibarra, also known as Juan Carlos Leyva-Gonzales, also known as Carlos Leyva, also known as Carlos Leyva-Ibarra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-74-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Carlos Ibarra-Leyva appeals the district court's denial of his motion to dismiss the indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326. He contends his prior removal order that served as the basis for his current § 1326 conviction violated his due process rights because it was based on his prior conviction for Texas manslaughter which, after the Supreme

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50501

Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), is not a "crime of violence" under 18 U.S.C. § 16(b), and therefore not an "aggravated felony" under 8 U.S.C. § 1101(a)(43).

This court reviews the denial of a motion to dismiss an indictment and the underlying constitutional claims de novo. *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). An alien prosecuted for illegal reentry under § 1326 may collaterally attack the underlying deportation order. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987). He must establish that (1) the prior deportation proceeding was fundamentally unfair; (2) the hearing effectively eliminated his right "to challenge the hearing by means of judicial review"; and (3) the procedural deficiencies actually prejudiced him. *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002); *see* § 1326(d).

Ibarra-Leyva argues that his removal proceedings were fundamentally unfair because the immigration judge and Board of Immigration Appeals classified his Texas manslaughter conviction as a "crime of violence" under § 16(b), which classification was erroneous under the Supreme Court's subsequent holding in *Dimaya*. The Government contends that Ibarra-Leyva waived his ability to appeal this issue because his conditional plea agreement only excepted from his appeal waiver a challenge to the district court's denial of his motion to dismiss, and Ibarra-Leyva did not raise this issue in his motion. We need not decide whether Ibarra-Leyva waived this issue and affirm the district court's denial of his motion to dismiss and judgment for the reasons that follow. *See United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

With respect to Ibarra-Leyva's *Dimaya*-based arguments, he fails to show that his removal proceedings were fundamentally unfair inasmuch as the proceedings did not violate his procedural due process rights. *See Lopez-Ortiz*,

No. 19-50501

313 F.3d at 229-30.  Because he fails to establish the fundamental-unfairness prong of the three-part test set forth in *Lopez-Ortiz*, we do not consider his arguments concerning the other prongs.  *See United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Ibarra-Leyva additionally contends that the prior removal order upon which his indictment was based was void for lack of subject matter jurisdiction due to the failure of the notice to appear that commenced his removal proceedings to list the date and time of his removal hearing.  He correctly concedes that this issue is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *cert. denied*, 2020 WL 2515686 (U.S. May 18, 2020), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020).

AFFIRMED.